## UNITED STATES, Appellee

v

## AUSTIN L. JENKINS, Private, U. S. Army, Appellant

### 19 USCMA 478, 42 CMR 80

### No. 22,886

### May 28, 1970

*Colonel Daniel T. Ghent, Captain William W. Rittenhouse*, and *Captain Thomas R. Maher* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain Mark Rosenberg* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant was tried and convicted by a general court-martial at Fort George G. Meade, Maryland, of assault with intent to commit grievous bodily harm, assault with a deadly weapon, and communicating a threat (two specifications), in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934. His sentence, consisting of confinement at hard labor for twenty-four months, forfeiture of $50.00 per month for six months, and reduction to the lowest enlisted grade, remains unchanged. Jenkins now complains that he was prejudiced by the law officer who, instead of giving limiting instructions on sentence as to evidence of other mis-

478.

conduct, affirmatively instructed the court-martial to consider such evidence as a matter in aggravation.

Appellate defense counsel, in offering the latter portion of this contention, are apparently referring to that part of the law officer's instructions that advises:

"You are further instructed that in exercising your discretion in determining the sentence to be adjudged, you should consider all the facts and circumstances of the case, whether they were presented before or after findings. You may consider all matters in extenuation and mitigation, as well as any matters in aggravation. You should consider,

gentlemen, but don't limit yourself to the fact that this accused is just 18 years of age, he has a limited education, he is assisting his widowed mother by a Class Q allotment. *You may also consider the fact that the accused was drinking on the night of the incident you found him guilty of.* You may also consider the fact that the accused is a qualified parachutist, and he has no previous convictions. You may also consider the fact that this accused has been in pretrial confinement since 21 October 1968. Now, the law does not give the accused credit for time spent in any pretrial confinement against any sentence you members here today adjudge." [Emphasis supplied.]

The record of trial reflects that on the day of these offenses and before this occurred the appellant and others had drunk wine in the barracks. Indeed, drunkenness was considered to be in issue, and an instruction was given on its effect upon those specific intent crimes charged or that were lesser included. For purposes of sentence, drunkenness, assuming it is evidence of other misconduct not charged under the facts of this case, was surely presented as a mitigating rather than an aggravating circumstance. Appellate defense counsel have misconstrued the import of the underlined portion of the above instruction, we feel. Neither error nor prejudice is present.

The decision of the Court of Military Review is therefore affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.